IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA MEREGILDO, <br><br> Plaintiff, <br><br> v. <br><br> SARAH MILLER, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 2:20-cv-2679-KSM |

MEMORANDUM

**MARSTON, J.**                                                                                                          December 4, 2020

This is a personal injury case in which Plaintiff Sandra Meregildo seeks to recover damages for injuries allegedly sustained when Defendant Sarah Miller negligently crashed into Meregildo's car, while driving Defendant Jason Turgeon's car. Presently before the Court is Meregildo's Motion for Leave to Use an Alternative Method of Service of Process upon Miller. (Doc. No. 19.) As we discuss below, Meregildo has failed to demonstrate that she has made a good faith effort to locate and serve Miller. Accordingly, we deny her Motion without prejudice.

I.

Meregildo filed this lawsuit against Miller, Turgeon, and Indian Harbor Insurance Company on June 8, 2020. (Doc. No. 1.) Meregildo effected service upon Indian Harbor on August 13, 2020, and upon Turgeon on August 27, 2020. (Doc. Nos. 3, 7.) However, Meregildo has not yet effected service upon Miller. (*See* Doc. No. 19 at pp. 2–4.)

Meregildo has taken several steps to locate and serve Miller. Using a process server, Meregildo attempted to serve Miller in person six times. (*Id.*) The process server made the first attempt at 34 Heath Street, Somerville, MA 02145—a home address associated with Miller—on

August 27, 2020 at 4:59 p.m.  (*Id.* at p. 31; *see also id.* at pp. 40, 42.)  The process server reported that the building was unoccupied and under renovation.  (*Id.* at p. 31.)  Next, the process server twice attempted to serve Miller at 72 Brooks Street, Apt. 2, Brighton, MA 02135, another residential address associated with Miller.  (*Id.* at p. 33; *see also id.* at 40.)  The first attempt was on August 26, 2020, at 3:07 p.m.; no one answered the door.  (*Id.* at p. 33.)  During the second attempt, on August 31, 2020, at 5:04 p.m., a person answered the door, claimed to be the current tenant, and averred that they did not know a Sarah Miller.  (*See id.*)  On October 14, 2020, at 10:00 a.m., the process server attempted to serve Miller at 10 Tyler Street, Somerville, MA 02143, a workplace associated with Miller.  (*Id.* at p. 35; *see also id.* at 4.)  This attempt, too, was unsuccessful.  The workplace—"a shared-space technology workshop"—would not disclose whether Miller was a client or whether she was present.  (*Id.* at p. 35.)  Last, the process server twice attempted service at 804 Windsor Drive, Framingham, MA 01701.[1]  (*Id.* at p. 37.)  The first attempt at service at this address, made on November 3, 2020, at 3:50 p.m. was fruitless.[2]  (*Id.*)  The second attempt, on November 4, 2020, at 3:26 p.m., was similarly unproductive; no one answered the door.  (*Id.*)  The process server spoke with a neighbor, who reported that the resident living in Unit 804 was named Libby, not Sarah.  (*Id.*)

Meregildo also obtained Accurint and White Pages reports on Miller, hired a private investigator to help locate Miller, and filed Freedom of Information Act requests with the Post Office in an attempt to discover who currently lives at home addresses associated with Miller.

---

[1] Meregildo does not explain how she found this address or how Miller is associated with it.  Based on the process server's affidavit, it appears to be a residential address.  (*See id.*)

[2] There appears to have been some confusion as to whether 804 was the unit number occupied by Miller or simply the street address.  The process server reported on November 3 that service was unsuccessful because he did not have the unit number.  (*Id.*)  When he returned the next day, however, he reported attempting to serve "the resident living in *unit* 804."  (*Id.* (emphasis added).)

(*Id.* at pp. 9–10.)  Meregildo argues that these additional steps, in addition to the six attempts at service outlined above, show that she has made a good faith effort of effectuating service and that Miller is "actively avoiding service" in this case.  (Doc. No. 19 at p. 4.)

II.

Federal Rule of Civil Procedure 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Meregildo proposes effectuating service pursuant to Pennsylvania Rule of Civil Procedure 430.  (Doc. No. 19 at p. 5.)

If in-person service on a party or her agent is not possible, Rule 430 allows "the plaintiff [to] move the court for a special order directing the method of service.  The motion [must] be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."  Pa. R. Civ. P. 430(a).

For a court to order an alternative method of service under Rule 430, the plaintiff must have made a good faith effort to locate and serve the defendant.  *See* Pa. R. Civ. P. 430(a), note; *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).  A good faith effort to locate the defendant includes taking such steps as making inquiries of the Post Office; making inquiries of the defendant's relatives, friends, neighbors, and employers; examining public records such as telephone books, voter registration records, and motor vehicle records; and conducting a reasonable Internet search.[3]  Pa. R. Civ. P. 430(a), note.  A good faith effort to serve the defendant includes such steps as attempting service on different days of the week and at different

---

[3] This list is neither exhaustive nor mandatory; a plaintiff need not take every listed action in order to demonstrate good faith, and actions not listed may contribute to a finding of good faith effort. *See Calabro*, 464 F. Supp. 2d at 472.

times of day. *Calabro*, 464 F. Supp. 2d at 472.

If a plaintiff has made a good faith effort to locate and serve a defendant, courts will allow alternative methods of service to the extent "the plaintiff's proposed alternate methods of service [are] reasonably calculated to provide the defendant with notice of the proceedings against him." *Nunez v. Flowers*, Case No. 19-cv-02780-JMY, 2020 WL 1164792, at *2 (E.D. Pa. Mar. 11, 2020). Courts have found that posting and mailing the complaint to the defendant's last known address is a method of service that is reasonably calculated to provide the defendant with notice. *See id.*; *Lenhart v. Ocean Spray Cranberries, Inc.*, Civil Action Nos. 10–1569, 10–2575, 2010 WL 4269614, at *2 (E.D. Pa. Oct. 28, 2010).

III.

Here, we find that Meregildo needs to take additional steps to demonstrate a good faith effort to locate and serve Miller.

We begin with what Meregildo has done right to date. As for locating Miller, Meregildo has made use of several of the methods outlined in the Rule 430(a) note, including making inquiries with the Post Office, speaking to a neighbor at a home address once associated with Miller, asking after Miller at her apparent place of work, and examining various public records. *See Nunez*, 2020 WL 1164792, at *2 (finding a good faith effort where "Plaintiff has pursued several of the suggested methods in order to locate Defendant['s] whereabouts"). Meregildo has also taken the additional step of hiring a private investigator to locate Miller. *See id.* (concluding that hiring a private investigator contributed to a finding of good faith effort to locate).

Similarly, Meregildo has attempted service six different times, on different days, at different times of day, and at various locations associated with Miller. *See id.* ("Courts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at

service[.]" (quoting *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009))); *see also Calabro*, 464 F. Supp. 2d at 473 (same).

However, the process server visited only two locations, 72 Brooks Street and 804 Windsor Drive, more than one time.  (Doc. No. 19 at pp. 33, 37.)  After observing that 34 Heath Street was under renovation, the process server never returned to it, despite the fact that Meregildo conducted two records searches that listed this location as Miller's home address.  (*Id.* at pp. 31, 40, 42.)  Moreover, the process server only attempted service at the business location once.  (*Id.* at p. 35.)  After the workshop refused to verify whether Miller was present or was a client, the process server never returned, and never observed the workshop to determine whether Miller ever came to it.  (*See id.*); *cf. Premium Payment Plan v. Shannon Cab Co.*, Civ. Action No. 04-4669, 2007 WL 2319776, at *1–2 (E.D. Pa. Aug. 13, 2007) (finding a good faith attempt to serve a defendant where the plaintiff made "several attempts" at in-person service and conducted "a stake-out" of the defendant's residence).

In the midst of the COVID-19 pandemic, these steps towards locating and serving Miller are alone insufficient to demonstrate a good faith effort to locate and serve a defendant.  At this time, many people have lost their jobs or are working remotely.  Many people are living at second homes or have moved in with family members.  These conditions undoubtedly make it more difficult to locate and serve a defendant.  But they also raise the bar for demonstrating "good faith."

In this respect, we note that Meregildo has only attempted service one time each at Miller's apparent workplace and home address.  (*See id.* at pp. 31, 35.)  Meregildo has not taken steps to ensure that Miller still works at 10 Tyler Street, or that she is working there in-person during the pandemic.  Nor has Meregildo followed up on the Freedom of Information Act

request she filed with the Post Office inquiring after Miller's association with 72 Brooks Street. (*See id.* at p. 4.)

Meregildo has several phone numbers associated with Miller (*see, e.g.*, *id.* at p. 42), but has not represented that she ever called Miller to see if Miller will accept service.  *Cf. Elecs. Boutique Holdings Corp. v. Zuccarini*, No. Civ. A. 00-4055, 2001 WL 83388, at *4 (E.D. Pa. Jan. 25, 2001) (concluding that a defendant's failure to answer telephone messages supported a conclusion that he was dodging service).

Further, Meregildo alleges that at the time of the accident, Miller was driving Turgeon's car.  (Doc. No. 1 at ¶¶ 8–10.)  Presumably, then, Turgeon wants Miller to be included in this suit and may have additional information about her contact information or whereabouts.  Yet, Meregildo does not report asking Turgeon's counsel how she could get in touch with Miller.  *See Vinson v. Nat'l Freight, Inc.*, Civ. A. No. 85-6725, 1986 WL 196, at *2 (E.D. Pa. May 9, 1986) ("[I]t seems to me that since Martin was formerly employed by codefendant National Freight, discovery techniques or inquiries through counsel can be utilized to develop information about Martin's whereabouts."); *cf. State Farm Fire & Cas. Ins. Co. v. Harmon*, Civil Action No. 18-2016, 2018 WL 4931481, at *2 (E.D. Pa. Oct. 11, 2018) (holding that a "failure to reach out to individuals who might have some knowledge of Defendants' whereabouts" demonstrated that plaintiffs had not given a good faith effort to locate defendants).

Lastly, we note that Miller has a substantial online and social media presence.  However, the record before us does not illustrate that Meregildo has made use of social media to attempt to locate, contact, or serve Miller.  *See Kyko Glob., Inc. v. Prithvi Info. Sols., LTD*, Civil Action No. 2:18-cv-1290, at *1–3 (W.D. Pa. Sept. 5, 2019) (finding that contact with a defendant via a social media account helped demonstrate that the defendant had actual notice of a lawsuit and was

avoiding service).

Given these deficiencies, especially in light of the current circumstances with the COVID-19 pandemic, we cannot conclude that Miller is "actively avoiding service."[4] (Doc. No. 19 at p. 4.) Accordingly, we find that Meregildo has not demonstrated a good faith effort to locate and serve Miller. Because Meregildo has not made a good faith effort to locate and serve Miller, the Court does not consider whether Meregildo's proposed methods of alternative service are reasonably calculated to provide Miller with notice of the proceedings.[5] *De Lage Landen Fin. Servs., Inc. v. Convrgd Data Tech, Inc.*, Civil Action No. 20-3621, 2020 WL 6800316, at *2 (E.D. Pa. Nov. 19, 2020).

IV.

For these reasons, Meregildo's motion to use alternative methods to effectuate service upon Miller (Doc. No. 19) is denied without prejudice.

An appropriate order follows.

---

[4] In addition, we note that in the context of Rule 430, courts have generally required greater proof before finding that a defendant is avoiding service. *See, e.g.*, *Nunez v. Flowers*, Case No. 19-cv-02780-JMY, 2019 WL 5290800, at *2 (E.D. Pa. Oct. 17, 2019) (requiring more than a single unsuccessful attempt at in-person service at the defendant's home to demonstrate that the defendant was avoiding service); *Bandana Co., Inc. v. JTS Int'l, Inc.*, Civil Action No. 05-580-C, 2007 WL 141055, at *1–2 (W.D. Ky. Jan. 17, 2007) (explaining that the fact that on several occasions when the plaintiff attempted service, no one answered the door at the defendant's home, even though the lights were on and cars were in the driveway, raised a "suspicion" that the defendant was "willfully avoiding service").

[5] If Meregildo takes additional steps to locate and serve Miller and is still unsuccessful, she may file a new motion for alternative service. In that motion, she should provide sufficient information to give the Court confidence that 10 Tyler Street is Miller's current work address, and that she is working there in-person during the pandemic.